# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | : | |
|---|---|---|
| **Deutsche Bank National Trust Company** | : | Case No. 1:06-cv-00255 |
| | : | |
| Plaintiff | : | District Judge Hon. Patricia A. Gaughan |
| | : | |
| vs. | : | |
| | : | |
| **Sharon M. Wagner, et al.** | : | |
| | : | **DEFAULT JUDGMENT AND** |
| Defendants. | : | **DECREE IN FORECLOSURE** |
| | : | |
| | : | |

UNITED STATES DISTRICT JUDGE HON. PATRICIA A. GAUGHAN

This matter is before the Court on the motion of Plaintiff Deutsche Bank National Trust Company's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment against Sharon M. Wagner and Paul A. Wagner as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Sharon M. Wagner and
    b. Paul A. Wagner.

2. The Clerk's Entry of Default was filed herein on March 3, 2006.

Accordingly, the Court takes the allegations contained in the Complaint as true, including that there is due and owing to the plaintiff from the defendants, Sharon M. Wagner and Paul A. Wagner, upon the subject Note, the principal balance of $184,151.82, for which judgment is

hereby rendered in favor of the Plaintiff, with interest at the rate of 8.85 percent per annum from September 1, 2005.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Strongsville, County of Cuyahoga and State of Ohio:  And known as being part of Original Strongsville Township Lot No. 8, and bounded and described as follows:
>
> Beginning in the centerline of Albion Road, 60 feet wide, at its intersection with the West line of said Original Strongsville Township Lot No. 8 , said intersection also being distant 35.57 feet on a course bearing North 32 deg. 20' 00" East, from an iron monument at an angle point in the centerline of Albion Road, said intersection point being the principal place of beginning; thence continuing along the centerline of Albion Road, North 32 deg. 20' 00" East, 75.18 feet to a point; thence South 85 deg. 00' 45" East and passing through an iron monument set 33.78 feet from said centerline, a total distance of 211.90 feet to an iron monument set; thence North 88 deg. 26' 00" East, 265.15 feet to an iron monument set; thence South 70 deg. 06' 30" East 383.75 feet to an iron monument set 50.00 feet measured at right angles to the East line of land conveyed to Myrtle Werley and Jessie Dailey by Deed dated August 13, 1943, and recorded in Volume 5637, page 599 of Cuyahoga County Records; thence due South and parallel to the East line of land so conveyed 70.30 feet to an iron monument; thence due West 878.02 feet to an iron monument in the West line of said Original Lot No. 8; thence North 0 deg. 18' 30" East along the Westerly line of Original Lot No. 8, 148.27 feet to the centerline of Albion Road and the principal place of beginning and containing 3.4747 acres of land, according to the Survey dated March 12, 1949, made by Henry J. Stroebel, Registered Survey No. 1969-S, be the same more or less, but subject to all legal highways.
>
> Parcel Number:  398-21-004
>
> Commonly known as:  13637 Albion Road, Strongsville, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on January 26, 2004, and recorded as Instrument Number 200401261176 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on January 26, 2006 as Instrument Number 200601260025 in the Cuyahoga County Recorder's Office; that the

conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendants-titleholders foreclosed.

**IT IS THEREFORE**

**ORDERED,** that unless the sums hereinabove found to be due to Plaintiff Deutsche Bank National Trust Company, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendants-titleholders in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To the plaintiff Deutsche Bank National Trust Company, the sum of $184,151.82, with interest at the rate of 8.85 percent per annum from September 1, 2005.

3. To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4. The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** 9/29/06

/s/ Patricia A. Gaughan
JUDGE HON. PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE